## General Finance Co. v. Pennsylvania Threshermen & Farmers' Mutual Casualty Ins. Co.

*Arthur S. Arnold,* for plaintiff.

*Samuel S. Herman,* for defendant.

LEWIS, J., August 12, 1943.—Plaintiff, General Finance Company, was the insured under what was described as a "Garage Policy," but which insured against loss or expense resulting from claims upon the assured for damages in consequence of an accident occurring within the limits of the United States and Canada, caused (part 1) by reason of the operation or maintenance of an automobile garage, sales agency, service station, and/or repair shop conducted in connection therewith, as located and described in the schedule attached to the policy; or (part 2) by reason of the ownership, maintenance, operation, and/or use of any style, type, or make of automobile for any purpose incidental to plaintiff's business of operating such garage, sales agency, service station, and repair shop, and for pleasure use, including transportation of goods and merchandise for prospective buyers of commercial automobiles, as might be strictly incidental to the demonstration and sale thereof.

The policy described the locations covered by part (1) as 674 North Broad Street, 918 North Broad Street, 670 North Broad Street, and 1317 North Broad Street, all in Philadelphia.

Plaintiff insured's business was the financing of the purchase of automobiles, and plaintiff maintained the above-recited establishments as offices, garages, service stations, sales agencies, and repair shops as incidental to that principal corporate purpose. From time to time it found it necessary to repossess automobiles on which purchase payments had not been met as agreed. These repossessed automobiles were brought into one or the other of the plaintiff's four service stations and garages, to be held for the purpose of repair and resale or other disposition.

The protection given by the policy is (as we have indicated above) in two parts, designated by the numerals 1 and 2:

Part 1 indemnifies against loss resulting from claims for damages in consequence of accident occurring in connection with the operation of the garages, service stations, etc., including ordinary repairs of the brick buildings and the renewal of mechanical equipment. This has no particular reference to automobiles, but is the ordinary coverage against accidents occurring on business premises.

Part 2 is a very broad indemnification against loss resulting from accident in the operation of automobiles. The wording of the policy would seem clearly to include coverage in connection with any automobile owned, maintained, operated, or used in any manner incidental to the finance company's business, the only limitation being that the accident shall have occurred within the limits of the United States and Canada.

Defendant seeks to interpret the policy to cover the assured's four places of business, or the assured's employes at the four establishments, or automobiles being operated by known employes identified as listed on the payrolls of one or the other of the four places of business. Defendant founds this position upon the circumstance that the premium for the policy was apparently calculated upon estimated annual payrolls of the four places of business, exclusive of the office force of these establishments. This was a method of convenience, as no effort was made to specify or limit the number of automobiles that were covered by the insurance. The insurance company merely "estimated" its risk by using the number of employes as a gauge. The policy does not in terms limit liability to cars being driven by these employes.

Defendant argues that, since the premium was based upon the number of men employed at each place of business, exclusive of the office force, the policy should be

construed to cover only automobiles that were being operated by such men as were on these payrolls at the time the payrolls were compiled for the purpose of estimating the premium charge. Of course, it must have occurred to counsel for defendant that this position is rather forced, since it would exclude from the protection of the policy automobiles being operated by persons employed subsequently to the making up of the estimated payrolls, whether by reason of increase of the assured's business, or by changes in personnel, etc. Defendant, in other words, seeks to interpret the protection as being based upon employes located at the four places of business, rather than upon the automobiles owned, operated, maintained, and used in connection with the four places of business. During the trial we declined to accept this interpretation of the policy, and construed it to be one that indemnified the assured against claims for damages arising out of any accident occurring as the result of the ownership, operation, or use of any automobile whatever incidentally to the conduct of the assured's four places of business. That, after all, is the language of the policy.

The accident that gave rise to this claim was a collision between three automobiles, one of which was a repossessed car taken from a delinquent customer in Washington, D. C., on orders originating at plaintiff's place of business located at 674 North Broad Street, Philadelphia, and which car was at the time of the collision being brought back to Philadelphia to the finance company's garage and service station at 674 North Broad Street. The man at the wheel of the automobile at the time of the collision was a resident of Washington, D. C., and was not on the payroll as a regular week-to-week or day-to-day employe of the finance company, but was engaged from time to time to repossess cars and to drive them to Philadelphia.

Certain persons in the other two cars were injured in the collision, and as the result of suits instituted in

the United States Court for the Eastern District of Pennsylvania substantial damages were awarded to the injured persons, on the ground that McWilliams, the driver of the finance company's repossessed car, was at the time of the accident the servant of plaintiff herein, the finance company, and was not an independent contractor. The judgments entered on these verdicts were subsequently affirmed by the United States Circuit Court of Appeals, and plaintiff herein was required to pay the judgments and the costs.

This suit was brought to recoup the loss and expenses thus incurred, and defendant has been resourceful in its attempt to avoid the liability which its policy would seem to have undoubtedly contemplated. Eventually it fell back upon the one main defense that its policy did not cover the automobile involved in the accident. Defendant does not seriously contest plaintiff's ownership, possession, maintenance, or use of the automobile at the time of the accident. In other words, defendant was not able to disprove plaintiff's contention that it was the owner of the automobile as a result of its reserved title and its repossession of the car, and that the machine was en route to plaintiff's service station, on plaintiff's business, in accordance with plaintiff's instructions to the driver. Defendant contents itself with asserting that plaintiff was not, through one of its servants, "operating" or "using" the car at the time of the collision.

We regarded the decision of the United States Circuit Court of Appeals as conclusive upon all parties to this suit of this question of agency of the driver McWilliams, it having been finally adjudicated by that court of competent jurisdiction that plaintiff finance company was responsible for the accident occurring to a car then owned by it and being operated on plaintiff's business by one held to be an authorized agent or servant of the owner. This finding was binding upon defendant herein as plaintiff's insurer, in full privity with plaintiff.

Part 2 of the policy is what is known as an automobile insurance policy. These policies are made up by the insurance companies on forms which they supply, and are to be construed most strongly against the insurer. In our view, it was the intention of both parties to the contract of insurance that the assured should be indemnified against any and all losses or expenses resulting from accidents in connection with any automobile owned, operated, or used incidentally to its four places of business. If the accident giving rise to the claim for damages was caused by the operation or use of a car, rather than by its mere ownership or maintenance, naturally the burden is on plaintiff to establish that such operation or use was by the assured. In this case, the United States Circuit Court of Appeals has decreed that this was the fact, rejecting defendant's contention that McWilliams, the driver, was an independent contractor. We see no merit in defendant's position, and can add nothing to the reasons contained in the binding instructions that we gave to the jury to find a verdict in favor of plaintiff.

The motion for judgment n. o. v. is overruled, and the rule for a new trial is discharged.